**Via ECF**

The Honorable Philip M. Halpern
United States District Judge

**Re:** *Sterilumen, Inc. v. Aeroclean Technologies, Inc.*
Case No. 7:22-cv-06842-PMH

Dear Judge Halpern:

> Application for a pre-motion conference granted. The conference will be held at the same date and time as the previously scheduled pre-motion conference concerning plaintiff's anticipated motion to dismiss, on 2/28/2023 at 9:30 a.m. in Courtroom 520 of the White Plains courthouse.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> January 30, 2023

The parties to the above-referenced case write jointly, pursuant to Your Honor's Individual Practices, Rule 4(D), in connection with Plaintiff's intention to file a motion for a protective order pursuant to Fed.R.Civ.P 26(c)(1), barring Defendant from taking discovery or otherwise limiting the scope of such discovery. The parties certify that they have met and conferred in an effort to avoid the motion, but have been unable to reach a resolution.

**Plaintiff's Position**

Plaintiff's current request to move for a protective order is best understood when considered together with Plaintiff's pending request for a premotion conference (ECF Doc. # 29) to dismiss its operative complaint and Defendant's operative counterclaims, which the Court granted. See ECF Doc # 31. As explained in such pre-motion letter, this is an action for trademark infringement. Plaintiff owns trademark registrations and common law rights to a family of AIRO marks, including AIROCLEAN®. Plaintiff's operative complaint asserts infringement by Defendant based on its use of the AEROCLEAN mark.

Unbeknownst to Plaintiff, on October 3, 2022, Defendant announced that it was merging with Molekule, Inc. Most importantly for this case, Defendant further announced that "AeroClean [Defendant] will change its name and ticker symbol to Molekule, Inc. (Nasdaq: MKUL) upon consummation of the merger." The announced change of name will provide Plaintiff with the vast majority of the relief it requested. Thus, Plaintiff is prepared to dismiss its complaint as further

January 27, 2023

detailed in its pre-motion letter.

The merger agreement was consummated on or before October 3, 2022. This was well *before* the December 1, 2022, pre-motion conference with the Court. Though the proper identification of the parties was discussed extensively during the December 1st conference, Defendant never disclosed to Plaintiff, or to the Court, that Defendant had already reached an agreement to change its name. Subsequent to the hearing, Defendant still failed to disclose the merger, the name change, or Molekule in its initial disclosures or in any other manner. Defendant then tried to take advantage of its failure to disclosure this information by making a "six-figure settlement" demand in response to Plaintiff's offer to dismiss the action. In fact, Defendant never disclosed the information to Plaintiff; rather, Plaintiff fortuitously discovered the information on its own, after settlement discussions had commenced.

On December 13, 2022, after the announced merger, Defendant served discovery requests on Plaintiff (requests to admit and for production, and interrogatories). Plaintiff timey responded to Defendant's discovery. Defendant's position is that Plaintiff's discovery responses are insufficient. While Plaintiff stands by its discovery responses as consistent with the applicable Rules, the parties are in apparent agreement that it would be more efficient if the dispute were decided in the context of a motion for a protective order rather than a motion testing the sufficiency of Plaintiff's responses.

In light of Plaintiff's pending motion to dismiss, Plaintiff believes that Defendant should be precluded from further pursuing discovery. Plaintiff's anticipated motion to dismiss would either moot discovery altogether (by ending the case) or drastically alter the proper scope of discovery (if only Defendant's counterclaims remain). Thus, Plaintiff seeks protection from discovery at least until such time that the proposed motion to dismiss is resolved. Even absent Plaintiff's pending request to move to dismiss, Plaintiff is entitled to protection based on the

January 27, 2023

scope of the discovery served by Defendant. Though the specifics of Defendant's discovery requests are beyond the scope of this letter, it is Plaintiff's position that Defendant's interrogatories exceed the number permitted by the Rules and that its documents requests – numbering 172 individual requests – were facially objectionable as imposing an undue burden and expense.

**Defendant's Position**

The premise of Plaintiff's motion is wrong, because, as explained in Defendant's January 23rd letter (*Dkt*. 30), Plaintiff's proposed motion to dismiss is baseless. The merger simply has neither mooted nor resolved a single disputed issue in this case as established by even a cursory review of the pleadings. Discovery should proceed as ordered and Plaintiff's efforts to willfully obstruct same in bad faith should be stopped by the Court as soon as practicable.

Indeed, Plaintiff has objected to all 15 of Defendant's Interrogatories by lodging 20 "General Objections" and a single "Specific Objection," the latter of which is recited *in toto* as follows: "Plaintiff objects to Defendant's Requests, each individually and in total, because, including all 'discrete subparts,' as the term has been interpreted by the controlling case law, Defendant's interrogatories exceed 25 in number." *Dkt*. 31-2, at 5. Plaintiff further objected to all 172 Requests for Production by lodging 20 "General Objections" and a single "Specific Objection," the latter of which is recited *in toto* as follows: "Plaintiff objects to Defendant's Requests, each individually and in total, because when taken as a whole, the Requests are unreasonably cumulative and duplicative, and the discovery sought can be obtained from some other source that is more convenient, less burdensome, and less expensive." *Dkt*. 31-1, at 5. Finally, of the 28 requests for admission, Plaintiff admitted one (No. 1), denied 20 (Nos. 2-4, 12-28), and improperly objected to answering the remaining seven (Nos. 5-11), inclusive of lodging 20 "General Objections" as well as two types of "Specific Objections," including the following:

> Plaintiff objects to this Request because it is not relevant to any party's claim or defense as asserted in Plaintiff's Complaint or Defendant's Counterclaims (as defined by Defendant) and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Dkt*. 31-3.

The objections to the requests for admission are particularly disingenuous. Sterilumen cannot simultaneously argue that its trademark infringement claims are mooted by the merger while denying that there is no likelihood of confusion between the parties' respective trademarks. In sum, <u>all</u> of Defendant's requests are ***directly*** relevant to the claims and defenses in this case; indeed, some facts are dispositive of several key disputed issues.

It well-settled that, "[p]rovided the demand is understandable and straightforward, calls for relevant information, and does not violate a recognized privilege, an objection to a request to admit is improper and a mere statement that the responding party is unable to admit or deny, or lacks knowledge is [simply] insufficient," insofar as a good faith, rule-compliant response. *Booth Oil Site Administrative Group v. Safety-Kleen Corporation*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000). Absent a statement that "the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny," the request is to be answered by its admission or denial. Fed.R.Civ.P. 36(a).

Moreover, Sterilumen cannot rely on "general" objections to preserve its rights. "Refusal to admit without detailed reasons why the responder cannot truthfully admit or deny is the equivalent of an admission." *Fuhr v. Newfoundland–St. Lawrence Shipping, Ltd.*, 24 F.R.D. 9, 13 (S.D.N.Y. 1959). "The court may reject unjustified objections and order answers, and determine that, as to answers deemed non-compliant, either the matter be deemed admitted or an amended answer be served." *Booth Oil*, 194 F.R.D. at 79.

Such has been the case since the Advisory Committee to the Federal Rules of Civil

January 27, 2023

Procedure (FRCP) amended the FRCP in 2015 to "reduc[e] the potential to impose unreasonable burdens by objections[.]" *See* Fed.R.Civ.P. 34 advisory committee notes to 2015 amendment. Judge Peck then issued "a discovery wake-up call to the Bar in this District," specifically addressing the changes brought on by the 2015 amendments. *Fischer v. Forrest*, 14 Civ. 1304 (PAE) (AJP), 14 Civ. 1307 (PAE) (AJP), 2017 WL 773694, *1 (S.D.N.Y. Feb. 28, 2017). Judge Peck specifically noted the "requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)[.]" *Id*. at *3.

*Fischer* prohibits Sterilumen from relying on generalized objections as a valid basis to avoid production. *See generally id*. at *1–3; *see also CapRate Events, LLC v. Knobloch*, 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) ("The 2015 Amendments to the Federal Rules no longer permits global, generalized objections to each request."). Generalized objections purporting to apply to all demands expressly violate the rule. Thus, the Court should deem Sterilumen's objections waived and compel Sterilumen to produce discovery.

In short, it was wholly improper for Plaintiff to deny Defendant discovery without first obtaining leave of Court to do so. With only a little more than two months of discovery remaining before the April 4th cutoff, Plaintiff has not complied with its initial disclosure obligations, produced a single responsive document, or answered a single interrogatory (nor requested any of its own discovery). Further, Plaintiff's position is that is need not do so until the Court's hears its proposed motion to dismiss on February 28th.

*Wherefore*, the Court's timely attention to this dispute is respectfully requested.

Very truly yours,

**NOLTE LACKENBACH SIEGEL**

*Rob Golden*

Robert B. Golden

**LEASON ELLIS LLP**

Cameron S. Reuber