UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STERILUMEN, INC.,

          Plaintiff,

-against-

AEROCLEAN TECHNOLOGIES, INC.,

          Defendant.

**ORDER**

22-CV-06842 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Counsel for all parties appeared today in person in Courtroom 520 for a pre-motion conference.

    Having thoroughly considered Plaintiff's letter-motion seeking to voluntary dismiss its action and to strike counterclaims two through five of Defendant's answer to the Second Amended Complaint (Doc. 29), Defendant's response thereto (Doc. 30), and after hearing from the parties, the Court exercised its discretion to deem Plaintiff's letter-motion as the motion itself. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022). The Court DENIES the branch of the motion seeking to strike the counterclaims for the reasons stated on the record. Plaintiff shall file an answer to Defendant's counterclaims (Doc. 28) by March 10, 2023.

    With respect to the branch of Plaintiff's motion which seeks dismissal of its action, the Court directed Defendant, by March 3, 2023, to file an affidavit by a person with personal knowledge of the terms and conditions of the insurance policy discussed at today's conference, limited to three pages, setting forth whether Defendant would lose insurance coverage if this action were to be dismissed without prejudice and only the counterclaims were pursued; and annex thereto a copy of the policy and letter authorizing coverage. By March 7, 2023, Plaintiff shall

respond by filing a letter, limited to three double-spaced pages, explaining what impact if any this has on the Court's analysis with respect to the *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990) factors and why its motion to dismiss the action without prejudice should be granted.

With respect to the parties' discovery dispute, the Court directed that, to the extent the interrogatories exceeded 25 in number with discrete subparts, Defendant shall serve new interrogatories upon Plaintiff by March 10, 2023 in conformity with Federal Rule of Civil Procedure 33 and the Local Civil Rules. Plaintiff shall respond appropriately by March 17, 2023. The Court struck the 172 document demands and directed that by March 10, 2023, Defendant shall either serve Plaintiff with new document demands or advise Plaintiff which of the 172 it deems appropriate, in light of the Court's comments on the record, for Plaintiff's response. Plaintiff shall thereafter respond to each separate request as modified, together with its document production, by March 17, 2023.

Plaintiff is directed to serve its initial disclosures forthwith.

The Court *sua sponte* extended discovery 45 days, such that fact discovery shall be completed by May 19, 2023 and expert discovery shall be completed by July 3, 2023. All discovery shall be completed by July 3, 2023. The case management conference scheduled for June 22, 2023 is adjourned to August 9, 2023 at 12:00 p.m.

The Court further directed that, by March 31, 2023, the parties shall meet and confer concerning possible resolution, and file a letter advising the Court of the date(s), length, and result of the meeting(s).

See Transcript.

SO ORDERED:

Dated: White Plains, New York
        February 28, 2023

_____
PHILIP M. HALPERN
United States District Judge