

One Barker Avenue
White Plains, New York 10601
**T**  914.821.3075
reuber@leasonellis.com

**Cameron S. Reuber**
PARTNER

March 3, 2023

**VIA ECF**

The Honorable Philip M. Halpern
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

Re:    *Sterilumen, Inc v. Aeroclean Technologies, Inc., et al.*, No.: 7:22-cv-06842-PMH

Dear Judge Halpern:

We write pursuant to the Court's Februa[...]
with Plaintiff-Counterclaim Defendant Sterilume[...]
No. 29) its Second Amended Complaint (ECF N[...]
client, Defendant-Counterclaim Plaintiff Aerocl[...]
affidavit . . . setting forth whether Defendant wo[...]
be dismissed without prejudice and only the coun[...]
of the policy and letter authorizing coverage" by[...]
34, at 1.

> Application granted in part. Exhibits A through C may remain filed under seal, however, because defendant has not sufficiently explained or provided any support for the request to redact section V of Exhibit B so as to prohibit counsel from viewing the exhibit, that request is denied. Defendant is directed to re-file Exhibit B under seal without the proposed redactions to section V.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>           March 6, 2023

Aeroclean hereby requests the Court's permission to file under seal:

- the Declaration of Ryan Tyler, dated March 3, 2023 (ECF No. 36; the "Tyler Declaration");

- Exhibit A to the Tyler Declaration, containing Aeroclean's insurance policy (ECF No. 36-1; the "Insurance Policy");

- a redacted version of Exhibit B to the Tyler Declaration,[1] containing the coverage authorization letter (ECF No. 36-2; the "Coverage Letter"); and

---

[1] Pursuant to Rule 5.B of Your Honor's Individual Practices, an unredacted version of Exhibit B has been filed under seal as ECF No. 37 so that the Court may determine the appropriateness of the proposed redactions.

# LEASON ELLIS

Hon. Philip M. Halpern
March 3, 2023
Page 2

- Exhibit C to the Tyler Declaration, containing further correspondence from Aeroclean's insurer concerning its Insurance Policy (ECF No. 36-3; "Exhibit C").

As indicated above, Aeroclean requests that the Court permit the sealed version of Exhibit B to also contain redactions, as *Exhibit B contains information that Aeroclean wishes to shield not only from the public, but also from Sterilumen's counsel*. Aeroclean represents that Sterilumen: has no objection to the sealing of the above documents; consents to the proposed redactions in Section IV of Exhibit B; and does not consent to the proposed redactions in Section V of Exhibit B.

In the Second Circuit, motions to file under seal are evaluated in the context of a general presumption of public access to "judicial documents." *United States v. Amodeo*, 71 F.3d 1044, 1048-49 (2d Cir. 1995). The Second Circuit employs a three-part analysis to determine whether that presumption can be overcome: (1) whether the documents are "judicial documents," *i.e.*, "documents that are used in the performance of Article III functions"; (2) the weight accorded to the presumption of access; and (3) whether there are countervailing factors. *Id.*, at 1047-50; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Assuming, *arguendo*, that the Tyler Declaration, Insurance Policy, and Coverage Letter may be considered judicial documents according to the above analysis, Aeroclean believes that at minimum the redacted portions of Exhibit B may not. In the Second Circuit, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access," and further, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Here, the redacted portions of Exhibit B as proposed do not have any bearing on the Court's judicial function in that such portions are beyond the scope of Sterilumen's motion and the information requested in the

# LEASON ELLIS

Hon. Philip M. Halpern
March 3, 2023
Page 3

February 28, 2023 Order. Accordingly, Aeroclean believes that at minimum the redacted portions of Exhibit B do not qualify for the presumption of public access.

In any event, little weight should be accorded to any presumption of the public's access to Aeroclean's Insurance Policy, the unredacted portions of the Coverage Letter, and Exhibit C, as well as the underlying Tyler Declaration, which discusses the contents of all three documents, because they are immaterial to the determination of the parties' substantive legal rights (*i.e.*, trademark rights) at issue in this case. That analysis applies with even greater force with respect to the redacted portions of Exhibit B. Courts evaluate the weight to be accorded to the presumption of public access along a continuum. *Amodeo*, 71 F.3d at 1050–51. The weight is strongest when such documents are critical to the determination of the parties' substantive legal rights and declines proportionately with a decline in the materiality of such documents. *Id*; *see id.* at 1049–50 ("Where statements or documents in the middle of the continuum are at issue, the weight to be accorded to the presumption of access must be determined by the exercise of judgment. Where such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal. . . . Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."). The documents Aeroclean seeks to file under seal have no relevance to the subject matter of this case, *i.e.*, the respective trademark rights of the parties. Indeed, these documents have no bearing whatsoever on *any* rights as between the parties; at most, they bear on the rights of Aeroclean and its non-party insurer. Accordingly, "the weight of the presumption is

**LEASON ELLIS**

Hon. Philip M. Halpern
March 3, 2023
Page 4

low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050.

Given the lack of materiality of the Tyler Declaration and its exhibits, Aeroclean's privacy interests outweigh any presumption of public access to the same. It is well established in the Second Circuit that the privacy interests of the party resisting disclosure "are a venerable common law exception to the presumption of access." *Id.* at 1051. In particular, "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Id.* Here, Aeroclean believes that it will suffer a clearly defined and serious injury should these documents be disclosed to the public, because they contain non-public, confidential information bearing on the scope of claims covered by Aeroclean's Insurance Policy and the policy's limitations as to liability for damages, among other sensitive business information. These categories of information provide critical insight, *inter alia*, into Aeroclean's litigation risk tolerance and therefore under the worst of circumstances would provide an unfair advantage to marketplace competitors and/or future plaintiffs seeking to sue Aeroclean. Accordingly, public disclosure of the Tyler Declaration and its exhibits would impair Aeroclean's competitive position. These considerations significantly outweigh any public interest that might be served by having these documents publicly available on the docket.

For the foregoing reasons, Aeroclean respectfully requests that the Court grant the relief requested herein.

Very truly yours,

Cameron S. Reuber

cc: Counsel of record (via ECF)