UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STERILUMEN, INC.,

           Plaintiff,

-against-

AEROCLEAN TECHNOLOGIES, INC.,

           Defendant.

**ORDER**

22-CV-06842 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, on January 13, 2023, filed a pre-motion letter seeking leave to move to dismiss its Second Amended Complaint, as well as some of Defendant's counterclaims. (Doc. 29). Defendant opposed (Doc. 30), and the Court heard argument from the parties at an in-person conference held on February 28, 2023. The Court exercised its discretion to deem Plaintiff's letter-motion as the motion itself and denied the branch of the motion seeking to strike the counterclaims and directed Plaintiff to file an answer to the counterclaims (Doc. 28) by March 10, 2023. (Doc. 34).

      Defendant, in light of its arguments on the record concerning insurance coverage, was directed to file an affidavit concerning the terms and conditions of the insurance policy. Defendant filed the affidavit on March 3, 2023 (Docs. 36, 37) and Plaintiff filed a response in accordance with the Court's order on March 7, 2023 (Doc. 40). The Court directed Defendant to respond to Plaintiff's letter by March 10, 2023 (Doc. 41), and Defendant complied with the Court's direction by filing a declaration as well as a letter containing substantive legal analysis (Docs. 43, 44).

      Having thoroughly considered all the filings by the parties in support of and opposition to Plaintiff's motion seeking to voluntarily dismiss its action, the motion is GRANTED and this action is dismissed. For the reasons set forth herein, the dismissal is WITH PREJUDICE.

Courts in the Second Circuit begin an analysis of a plaintiff's motion under Federal Rule of Civil Procedure 41(a)(2) with a presumption that a voluntary dismissal should be granted. The court then is to decide whether this presumption is defeated by the five *Zagano* factors: "[(1)] plaintiff's diligence in bringing the motion; [(2)] any 'undue vexatiousness' on plaintiff's part; [(3)] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [(4)] the duplicative expense of relitigation; and [(5)] the adequacy of plaintiff's explanation for the need to dismiss." *S.E.C. v. One or More Unknown Purchasers of Securities of Telvent GIT, SA*, 2013 WL 1683665, *2 (S.D.N.Y. 2013) (quoting *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990)).

Although Defendant contends that the motion was brought months after it publicly announced its merger and company name change, Plaintiff has maintained that it brought its motion to dismiss promptly after it learned of the news. Defendant's efforts to paint Plaintiff as vexatious center on Plaintiff's press release about the instant lawsuit and the amount of damages demanded. The first two factors simply do not weigh against the presumption that voluntary dismissal should be granted. This case is still in the early stages of discovery, and thus the third factor likewise does not rebut the presumption. Even if the last two factors weighed in Defendant's favor, dismissal is still favored, as "a very significant number of courts have followed the traditional principle recognized by the federal courts that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 9 Fed. Prac. & Proc. Civ. § 2364. Indeed, the Court directed the filing of the affidavit and supplemental briefing concerning the insurance issue to flesh out whether and to what extent Defendant would suffer prejudice if this action were to be dismissed. Based upon the information provided and arguments made, it cannot be said that dismissal of Plaintiff's action would result in

*legal prejudice* to Defendant. Defendant is free to withdraw its counterclaims if it so chooses. However, to be clear, the dismissal does not affect Defendant's counterclaims, which remain pending for independent adjudication.

Plaintiff originally sought dismissal without prejudice so as to be in a position to pursue its claims "only in the event Defendant does not affect the announced name change." (Doc. 29). Plaintiff alternatively offered dismissal with prejudice, reserving the right to sue only for future use of the infringing mark if the merger and name change are not completed. (*Id*.). Voluntary dismissal is to be ordered "on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), and in this case, such terms are that the action be dismissed with prejudice.

Accordingly, the Second Amended Complaint is dismissed with prejudice. Defendant's counterclaims remain extant. The deadlines imposed by the Court's prior orders remain in effect (Doc. 34; Doc. 41).

SO ORDERED:

Dated: White Plains, New York
       March 13, 2023

PHILIP M. HALPERN
United States District Judge