

March 10, 2023

> Application granted. The declaration and letter filed on March 10, 2023 may remain filed under seal (Docs. 43, 44).
>
> The Clerk of Court is respectfully requested to modify the viewing level for plaintiff's March 7, 2023 letter response (Doc. 40) and the Court's March 8, 2023 memo endorsement thereof (Doc. 41), to the "selected parties" viewing level (i.e., the attorneys appearing for all parties hereto and court personnel).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        March 13, 2023

**VIA ECF**

The Honorable Philip M. Halpern
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

Re: *Sterilumen, Inc v. Aeroclean Technologies, Inc., et al.*, No.: 7:22-cv-06842-PMH

Dear Judge Halpern:

    We write on behalf of Aeroclean Technologies, Inc. ("Aeroclean") to request the Court's permission to file under seal the below-listed documents responsive to the Court's March 8, 2023 Order (Dkt. 41), in further opposition to Sterilumen, Inc.'s ("Sterilumen") motion to dismiss without prejudice (Dkt. 29):

- the Declaration of Cameron S. Reuber, dated March 10, 2023 (Dkt. 43); and

- Aeroclean's letter in further opposition to Sterilumen's motion to dismiss (Dkt. 44).

Aeroclean additionally requests that the Court:

- direct Sterilumen to re-file under seal its March 7, 2023 letter in support of its motion to dismiss (Dkt. 40); and

- enter a revised version of the Court's March 8, 2023 Order (Dkt. 41) that does not include the text of Sterilumen's above-referenced letter (Dkt. 40).

Aeroclean respectfully submits that the above-requested relief is consistent with the Court's Order of March 7, 2023 (Dkt. 38) granting Aeroclean's prior motion to seal (Dkt. 35) documents filed in connection with the same motion to dismiss, the arguments in support of which (*id.*) are incorporated by reference herein.

# LEASON ELLIS

Hon. Philip M. Halpern
March 10, 2023
Page 2

Aeroclean believes that it will suffer a clearly defined and serious injury should these documents be disclosed or remain available to the public, because they contain non-public, confidential information bearing on Aeroclean's insurance policy, as previously described. *See generally*, Letter in Opp. to Mot. to Dismiss, March 3, 2023, Dkt. 35. It is well established in the Second Circuit that the privacy interests of the party resisting disclosure "are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1051. The documents Aeroclean seeks to file under seal have no relevance to the subject matter of this case, *i.e.*, the respective trademark rights of the parties, and therefore "the weight of the presumption [of public access] is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050. Given the lack of materiality of the documents Aeroclean seeks to have sealed, Aeroclean's privacy interests outweigh any public interest that might be served by having such documents publicly available on the docket.

For the foregoing reasons, Aeroclean respectfully requests that the Court grant the relief requested herein.

Very truly yours,

Cameron S. Reuber

cc: Counsel of record (via ECF)